1  BURKE, WILLIAMS & SORENSEN, LLP
   Richard J. Reynolds, Bar No. 89911
2  rreynolds@bwslaw.com
   Rafael R. Garcia-Salgado, Bar No. 283230
3  rgarcia@bwslaw.com
   1851 East First Street, Ste. 1550
4  Santa Ana, CA  92705-4067
   Telephone:   949.863.3363
5  Facsimile:   949.863.3350

6  Attorneys for Creditor
   TROJAN CAPITAL INVESTMENTS, LLC
7

8              UNITED STATES BANKRUPTCY COURT

9              CENTRAL DISTRICT OF CALIFORNIA

10                 LOS ANGELES DIVISION

11

12  In re                                    Case No.  2:18-bk-14618-NB

13  ENRIQUE SALDANA LOMELI aka               Chapter Number:  13
    ENRIQUE SALDANA,
14                                            **CREDITOR TROJAN CAPITAL
                                             INVESTMENTS, LLC'S MOTION TO
15          Debtor,                          DISMISS CHAPTER 13 BANKRUPTCY
                                             CASE**
16
                                             Date:          September 27, 2018
17                                           Time:          11:00 a.m.
                                             Ctrm:          1545
18

19

20      **TO THE HONORABLE NEIL W. BASON; THE DEBTOR; ALL INTERESTED**

21  **PARTIES; AND THEIR COUNSEL OF RECORD:**

22      **CREDITOR TROJAN CAPITAL INVESTMENTS, LLC ("Trojan")** hereby moves

23  for the Court to dismiss the above-titled Chapter 13 bankruptcy case pursuant to 11 U.S.C. §

24  1307(c).

25                        **INTRODUCTION**

26      Creditor Trojan Capital Investments, LLC ("Trojan") hereby moves this Court for

27  dismissal of this case for "cause" pursuant to 11 U.S.C. § 1307(c)(1), (3), (4), (5) based on the

28  admission of Debtor's counsel that a plan is not feasible, the failure of the Debtor to prosecute

1    this case, the denial of the Debtor's *Motion to Avoid Lien*, and the failure of the Debtor to make

2    any payments to Trojan. This motion is brought in accordance with Federal Rules of Bankruptcy

3    Procedure 9013 and 9014.  In support of this motion, Trojan requests that the Court take judicial

4    notice of its own records in this case pursuant to Fed. R. Evid. 201, made applicable to

5    bankruptcy proceedings pursuant to Fed. R. Bankr. P. 9017.

## STATEMENT OF FACTS

7        1.      The Debtor filed the instant bankruptcy petition on April 23, 2018 [Docket No. 1].

8        2.      Trojan filed its Proof of Claim on June 27, 2018 as Claim No. 6-1.  The proof of

9    claim lists prepetition arrears in the amount of $127,200.10 [Claim No. 6-1 on the Court's Claims

10    Register].  The proof of claim also provides Trojan's collateral documents.  This Motion

11    incorporates Trojan's proof of claim in this case by reference.

12        3.      The Debtor filed his Chapter 13 plan on April 23, 2018 [Docket No. 2] (the

13    "Plan").  The Plan proposed monthly payments of $121 for sixty months, totaling $7,260.

14    However, the Plan entirely fails to provide for Trojan's secured claim.

15        4.      The senior lien holder, Deutsche Bank National Trust Company ("Deutsche") filed

16    its objection to confirmation of the Plan on May 14, 2018 stating the Plan does not promptly cure

17    the creditor's pre-petition arrears, citing 11 U.S.C. § 1325(a)(5) [Docket No. 16].

18        5.      On May 31, 2018, the Debtor filed his Motion to Avoid Lien [Docket No. 18] (the

19    "*Lam* Motion").

20        6.      The Chapter 13 Trustee filed an objection to confirmation of the Plan on June 4,

21    2018 [Docket No. 22] stating that the Plan was infeasible under 11 USC § 1325(a)(6) because of

22    the objection to confirmation filed by the authorized loan servicing agent, Ocwen Loan Servicing,

23    LLC. Additionally, the trustee requested that the Debtor file and prosecute his lien avoidance

24    motion.

25        7.      Trojan filed its opposition to the Debtor's Motion to Avoid Lien on June 14, 2018

26    [Docket No. 23].

27        8.      Trojan filed its objection to the Plan on July 18, 2018 [Docket No. 32], followed

28    by another objection on August 22, 2018 [Docket No. 43].

BURKE, WILLIAMS &
SORENSEN, LLP
ATTORNEYS AT LAW
SANTA ANA

IRV #4837-2036-4401 v1
06837-0110

- 2 -

MOTION TO DISMISS CHAPTER 13 BANKRUPTCY
CASE

1      9.     On August 22, 2018 the Court entered its *Order Denying Motion to Avoid Lien*

2  [Docket No. 42].

3      10.    The Plan was not confirmed at the original August 2, 2018 confirmation hearing,

4  and another confirmation hearing has been set for September 27, 2018 [Docket No. 40].

5      11.    To date, the Debtor has not filed any briefing or amended plan addressing the

6  objections of Deutsche, the Chapter 13 Trustee, or Trojan.

7      12.    Additionally, Trojan has not received any post-petition payments from the Debtor.

8                             **ARGUMENT**

9    **A.    The Case Should Be Dismissed for the Debtor's Failure to Prosecute**

10     13.    Upon Trojan's information and belief, the unresolved points raised in the three

11  pending objections prevent confirmation of the Plan.

12     14.    At the Court's August 17, 2018 hearing on the *Lam* Motion, Debtor's counsel

13  stated that he would not file an amended plan due to any confirmable plan necessarily being

14  infeasible. *See* concurrently filed *Declaration of Rafael R. Garcia-Salgado.*

15     15.    This case has been pending since April 23, 2018.  Insufficient overall progress has

16  been made toward confirming a plan in this case.  In light of the outstanding impediments to

17  confirmation, creditors and the trustee are uncertain as to when, or whether, any plan in this case

18  will ever be confirmable.

19     16.    This lack of progress in accomplishing plan confirmation constitutes unreasonable

20  delay that is prejudicial to creditors because creditors are not receiving payments and/or cannot

21  exercise their state court remedies to collect their debts while the debtor enjoys the benefit of

22  bankruptcy protection in this case.

23     17.    Section 1307(c) of the Bankruptcy Code authorizes Trojan to bring a motion to

24  dismiss a chapter 13 case for "cause" if it is in the best interests of the creditors and the estate.

25  The Court can consider any "cause," including but not limited to the enumerated grounds in

26  subsection (c). Section 1307(c)(1) permits dismissal for "unreasonable delay by the debtor that is

27  prejudicial to creditors." 11 U. S.C. § 1307(c)(1). Section 1307(c) also lists "(3) failure to file a

28  plan timely . . . (4) failure to commence making timely payments . . . (5) denial of confirmation of

BURKE, WILLIAMS &
SORENSEN, LLP
ATTORNEYS AT LAW
SANTA ANA

IRV #4837-2036-4401 v1
06837-0110

- 3 -

MOTION TO DISMISS CHAPTER 13 BANKRUPTCY
CASE

1    a plan under section 1325 of this title . . ." as additional grounds for dismissal of a case.

2          18.    A debtor filing a chapter 13 case assumes responsibility for taking reasonable steps

3    to move the case toward confirmation of a chapter 13 plan. *In re Jackson*, 2007 WL 1188202, at

4    *7 (Bankr. E.D. Pa. Apr. 18, 2007).  Chapter 13 debtors simply do not have an unlimited amount

5    of time to accomplish plan confirmation. *In re Tran*, 2006 WL 6811015, at *7 (B.A.P. 9th Cir.

6    Aug. 8, 2006). Prompt plan confirmation is important because creditors' rights are constrained by

7    the automatic stay as soon as the petition is filed. As a result, courts have dismissed cases based

8    on debtor inaction. *See Jackson*, 2007 WL 1188202 at *7 (dismissing case at seven months

9    because debtor was no closer to confirmation than the day case was filed).

10         19.    This case has been pending for over four months with little to no progress.  The

11   Debtor has failed to file an amended plan, failed to commence making timely payments to his

12   secured creditor Trojan, and failed to obtain confirmation of his original plan.  In light of the

13   passage of time and the failure of the Debtor to prosecute a confirmable plan, the Court should

14   dismiss this case pursuant to Sections 1307(c)(1), (c)(3), (c)(4), and (c)(5).

15         **B.    A Plan Cannot Be Confirmed Due to Infeasibility**

16         20.    The Debtor scheduled his first lien with Deutsche as holding a claim of

17   $531,825.00 [Docket No. 1 at 20].  However, Deutsche's filed claim no. 9-1 reflects the actual

18   claim amount at the time of the bankruptcy filing was $539,214.73.  He also scheduled the value

19   of his residence at $452,433.28 [Docket No. 1 at 20].

20         21.    11 U.S.C. § 1325(a)(5)(B)(ii) requires a debtor's Chapter 13 Plan to distribute at

21   least the allowed amount of a creditor's secured claim.  *See* 11 U.S.C. § 1325(a)(5)(B)(ii).

22   Furthermore, the requirement that a debtor provide for the full value of a creditor's secured claim

23   is mandatory for plan confirmation. *See Barnes v. Barnes (In re Barnes)*, 32 F. 3d 405, 407 (9th

24   Cir. 1994); *see also In re Lucas*, 3 B.R. 252, 253 (Bankr. S.D. Cal. 1980) ("In order to confirm

25   any Chapter 13 Plan, the court must be satisfied . . . that the plan meets all the requirements of §

26   1325(a).").  The burden lies with the debtor in demonstrating compliance with section 1325(a).

27   *Chinichian v. Campolongo (In re Chinichian)*, 784 F. 2d 1440 (9th Cir. 1986).

28         22.    Section 1322(b)(2) states that a Chapter 13 plan may "modify the rights of holders

BURKE, WILLIAMS &
SORENSEN, LLP
ATTORNEYS AT LAW
SANTA ANA

IRV #4837-2036-4401 v1
06837-0110                                    - 4 -           MOTION TO DISMISS CHAPTER 13 BANKRUPTCY
                                                             CASE

1  of secured claims, other than a claim secured only by a security interest in real property that is the

2  debtor's principal residence." Trojan's claim is secured by the Debtor's principal residence.

3  Thus, the plan may not modify Trojan's secured claim. *See Nobelman v. Am. Sav. Bank*, 508 U.S.

4  324, 329, 113 S. Ct. 2106, 2110, 124 L. Ed. 2d 228 (1993) (determination that bank's claim is

5  partially secured "does not necessarily mean that the 'rights' the bank enjoys as a mortgagee,

6  which are protected by § 1322(b)(2), are limited by the valuation of its secured claim.").

7      23.    Trojan's filed proof of claim lists $127,200.10 in prepetition arrears. Spread over

8  the maximum permissible length of a Chapter 13 Plan—sixty months—the Debtor's plan would

9  have to pay $2,120.01 a month on prepetition arrears to pay Trojan's prepetition arrears in full.

10      24.    The Debtor would also have to pay the variable monthly payments for Trojan's

11  claim on a go-forward basis in order to confirm a plan. Trojan's proof of claim indicates these

12  payments were $954.14 at the time of case commencement.

13      25.    The Debtor's Schedule J indicates the Debtor only has $121.86 a month in net

14  income with which to fund the plan. The Debtor's scheduled expenses did not include payments

15  for Trojan's second lien, so based on the required $3,074.15 in required monthly payments to

16  Trojan, the Debtor's net income of $121.86 is insufficient to address Trojan's secured claim.

17      26.    Based on his scheduled income and expenses, the Debtor could pay neither the

18  prepetition arrears payment for Trojan's claim, nor the maintenance payment, in an amended

19  plan.

20      27.    As the Debtor is unable to provide for the cure of Trojan's pre-petition and post-

21  petition arrears based on his net income, any proposed plan violates Section 1322(b)(5). Any

22  plan would also fail to satisfy 11 U.S.C. § 1325(a)(5)(B)(ii) for failing to treat Trojan's secured

23  claim.

24      28.    In light of the above, as the Debtor cannot propose a confirmable plan, this case

25  must be dismissed.

26  ///

27  ///

28  ///

BURKE, WILLIAMS &
SORENSEN, LLP
ATTORNEYS AT LAW
SANTA ANA

IRV #4837-2036-4401 v1
06837-0110

- 5 -

MOTION TO DISMISS CHAPTER 13 BANKRUPTCY
CASE

1

### **CONCLUSION**

2    WHEREFORE, Trojan respectfully requests that the Court grant its motion and dismiss

3    this case for cause pursuant to 11 U.S.C. § 1307(c).

4

5    Dated:  August 28, 2018                    BURKE, WILLIAMS & SORENSEN, LLP

6                                               Rafael R. Garcia-Salgado

7

8                                               By: _____

9                                                   Richard J. Reynolds
                                                    Rafael R. Garcia-Salgado
                                                    Attorneys for Creditor
10                                                  Trojan Capital Investments, LLC

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

BURKE, WILLIAMS &
SORENSEN, LLP
ATTORNEYS AT LAW
SANTA ANA

IRV #4837-2036-4401 v1
06837-0110

- 6 -

MOTION TO DISMISS CHAPTER 13 BANKRUPTCY
CASE

1   BURKE, WILLIAMS & SORENSEN, LLP
    Richard J. Reynolds, Bar No. 89911
2   rreynolds@bwslaw.com
    Rafael R. Garcia-Salgado, Bar No. 283230
3   rgarcia@bwslaw.com
    1851 East First Street, Suite 1550
4   Santa Ana, CA  92705-4067
    Telephone:    949.863.3363
5   Facsimile:    949.863.3350

6   Attorneys for Creditor
    TROJAN CAPITAL INVESTMENTS, LLC
7

8                    UNITED STATES BANKRUPTCY COURT

9                    CENTRAL DISTRICT OF CALIFORNIA

10                       LOS ANGELES DIVISION

11

12   In re                                    Case No.  2:18-bk-14618-NB

13   ENRIQUE SALDANA LOMELI aka              Chapter Number:  13
     ENRIQUE SALDANA,
14                                            **DECLARATION OF RAFAEL R. GARCIA-**
                                              **SALGADO IN SUPPORT OF CREDITOR**
          Debtor,                             **TROJAN CAPITAL INVESTMENTS,**
15                                            **LLC'S UNOPPOSED MOTION TO**
                                              **DISMISS CHAPTER 13 CASE**
16

17                                            Date:          September 27, 2018
                                              Time:          11:00 a.m.
18                                            Ctrm:          1545

19

20   I, RAFAEL R. GARCIA-SALGADO, declare:

21       1.      I am an attorney at law duly licensed to practice before all of the Courts of the

22   State of California, as well as the state's federal district and bankruptcy courts.

23       2.      I am an associate in the law firm of Burke, Williams & Sorensen, LLP ("Burke"),

24   counsel for Creditor Trojan Capital Investments, LLC ("Trojan").  I have personal knowledge of

25   the following facts and statements in this declaration, unless otherwise stated, and if called upon

26   to testify, I could and would testify competently thereto.  This declaration is submitted in support

27   of Trojan's *Motion to Dismiss Chapter 13 Bankruptcy Case* (the "Motion").

28   ///

BURKE, WILLIAMS &
SORENSEN, LLP          IRV #4813-8054-9489 v1                          DECLARATION IN SUPPORT OF MOTION TO
ATTORNEYS AT LAW       06837-0110                          - 1 -       DISMISS
SANTA ANA
                       I

1       3.      On August 17, 2018, after a lengthy evidentiary hearing on the Debtor's *Motion to*

2 *Avoid Lien* [Docket No. 19], the Court found that the value of the Debtor's primary residence was

3 $550,000.

4       4.      After the Court determined the value of the subject property, Debtor's counsel

5 William Cort stated to me that the Debtor would not be filing an amended plan.

6       5.      The Court has entered its *Order Denying Motion to Avoid Lien* [Docket No. 42].

7       6.      As the Court denied the Debtor's *Lam* motion, an amended plan would be

8 necessary to continue this case due to the original plan not treating Trojan's secured claim.

9

10      I declare under penalty of perjury that the foregoing is true and correct.

11      Executed this 28th day of August, 2018 at Santa Ana, California.

12

13                             _____

14                             Rafael R. Garcia-Salgado

15

16

17

18

19

20

21

22

23

24

25

26

27

28

BURKE, WILLIAMS &
SORENSEN, LLP
ATTORNEYS AT LAW
SANTA ANA

IRV #4813-8054-9489 v1
06837-0110

- 2 -

DECLARATION IN SUPPORT OF MOTION TO
DISMISS

1

# PROOF OF SERVICE OF DOCUMENT

2

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:

3

1851 East First Street, Suite 1550, Santa Ana, California  92705-4067

4

A true and correct copy of the foregoing document entitled (*specify*):

5

**CREDITOR TROJAN CAPITAL INVESTMENTS, LLC'S MOTION TO DISMISS CHAPTER 13 BANKRUPTCY CASE AND DECLARATION OF RAFAEL R. GARCIA-SALGADO IN SUPPORT OF MOTION TO DISMISS**

6

will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

7

8

**1**. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) **8/28/18**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

9

10

11

- William G Cort     williamgcortdocuments@gmail.com
- Kathy A Dockery (TR)     EFiling@LATrustee.com
- Sean C Ferry     sferry@ecf.courtdrive.com, bkyecf@rasflaw.com
- Rafael R Garcia-Salgado     rgarcia@bwslaw.com, bantle@bwslaw.com,rjr-nef@bwslaw.com,jgomez@bwslaw.com
- Richard J Reynolds     rreynolds@bwslaw.com, psoeffner@bwslaw.com,tmims@bwslaw.com,rjr-nef@bwslaw.com;fcabezas@bwslaw.com
- United States Trustee (LA)     ustpregion16.la.ecf@usdoj.gov

12

13

14

15

16

17

☐ Service information continued on attached page

18

**2. SERVED BY UNITED STATES MAIL**:

19

On (*date*) **8/28/18**, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

20

21

**Debtor:**

22

**Enrique Saldana Lomeli**
9636 Mines Avenue
Pico Rivera, CA 90660

23

24

☐ Service information continued on attached page

25

///

26

///

27

///

28

Burke, Williams & Sorensen, LLP
Attorneys At Law
Santa Ana

IRV #4837-2036-4401 v1
06837-0110

- 7 -

MOTION TO DISMISS CHAPTER 13 BANKRUPTCY CASE

1   ///

2   **3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE
3   TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to
F.R.Civ.P. 5 and/or controlling LBR, on (*date*), _____ I served the following persons and/or
entities by personal delivery, overnight mail service, or (for those who consented in writing to
4   such service method), by facsimile transmission and/or email as follows. Listing the judge here
constitutes a declaration that personal delivery on, or overnight mail to, the judge <u>will be</u>
5   <u>completed</u> no later than 24 hours after the document is filed.

6   I declare under penalty of perjury under the laws of the United States that the foregoing is true
and correct.

7

8   **8/28/18**              Bernadette C. Antle
    *Date*                  *Printed Name*                              *Signature*
9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

BURKE, WILLIAMS &
SORENSEN, LLP
ATTORNEYS AT LAW
SANTA ANA

IRV #4837-2036-4401 v1
06837-0110                        - 8 -        MOTION TO DISMISS CHAPTER 13 BANKRUPTCY
                                               CASE